**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THOMAS QUINLAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MASSACHUSETTS DEPARTMENT OF CHILDREN AND FAMILIES, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-cv-11345-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, J.** **August 26, 2026**

*Pro se* plaintiff Thomas Quinlan brings this action against the Massachusetts Department of Children and Families ("DCF"), Cardinal Pediatrics, the Lowell Juvenile Court, the Lowell Probation Department, and Massachusetts Attorney General Andrea Campbell, alleging that Cardinal Pediatrics had falsified the medical records of his children and that DCF wrongfully removed his two minor children from his custody on February 11, 2026. D. 1. Quinlan has also filed a motion for leave to proceed *in forma pauperis*, and a motion for emergency issuance of summons. For the reasons stated below, the Court ALLOWS the motion for leave to proceed *in forma pauperis*, D. 2, DISSMISSES this action without prejudice and DENIES the pending motions, D. 4, 5, 6, as moot.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis*, D. 2. the Court concludes that Quinlan has adequately demonstrated his inability to prepay the $405 filing fee. Accordingly, this motion, D. 2, is ALLOWED.

## II. Review of the Complaint

Summonses have not issued pending the Court's preliminary review of the complaint. The Court may review the complaint of a person proceeding *in forma pauperis* and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or asserts claims for monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, the Court may raise jurisdictional issues *sua sponte*, including whether it would be appropriate for the Court to abstain from exercising its jurisdiction. See Guillemard-Ginoria v. Contreras-Gomez, 585 F.3d 508, 517-18 (1st Cir. 2009). In conducting this review, the Court liberally construes the complaint because Quinlan is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A. Quinlan's Allegations and Legal Claims

According to Quinlan, in 2023, one of his children was diagnosed with Neonatal Abstinence Syndrome and developmental delay. D. 1 ¶ 8. Quinlan alleges that these diagnoses were placed on the child's medical record at the time, but that in 2025, Cardinal Pediatrics deleted the diagnoses from the child's permanent medical records "to create a false history of neglect." Id. at 1; id. ¶¶ 9-10. Quinlan claims that Cardinal Pediatrics submitted these "fraudulent" records to MassHealth and to the Social Security Administration in conjunction with the child's upcoming appointment with the agency. Id. ¶¶ 15-16.

Quinlan alleges that, on February 11, 2026, he reported this "medical fraud" to federal authorities. Id. ¶ 22. According to Quinlan, within 40 minutes of making that report, DCF seized his children without a warrant or court order and in the absence of exigent circumstances. Id. ¶ 23. Quinlan further claims that DCF seized the children "in retaliation for First Amendment activity."

Id. ¶ 25. Quinlan maintains that the seizure of the children "was pretextual – motivated by protected speech, not child safety." Id. ¶ 26.

Quinlan brings claims under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth and Fourteenth Amendments. Id. at 4. He also brings a claim under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, alleging that the defendants "intentionally weaponized Plaintiff's documented disabilities (ADHD, Anxiety) to stigmatize parenting and justify removal." Id. In addition, Quinlan brings claims under federal law for fraud based on Cardinal Pediatrics' submission of allegedly false medical records to MassHealth and the Social Security Administration, a civil RICO claim, and a claim under Title VI of the Civil Rights Act of 1964. Id.

In his prayer for relief, Quinlan asks that this Court, inter alia, "[h]alt use of fraudulent medical records, "[s]tay all DCF custody orders based on fraudulent records," order the "[r]eturn of children to Plaintiff's custody," "[r]eversal of removal and custody orders," and damages. Id. at 5.

**B. Discussion**

Given the nature of Quinlan's claims concerning the pending state court litigation which he challenges, the Court must abstain from exercising jurisdiction over this action. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychs, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993)

(footnote omitted). Under the doctrine of Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall, 604 F.3d at 664 (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). "Although the Younger case itself dealt with federal interference in an ongoing state criminal prosecution, Younger principles apply to noncriminal state proceedings that are judicial in nature," id., including state-initiated proceedings to gain custody of children in need of care, see Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 79 (2013) (citing Moore v. Sims, 442 U.S. 415, 419–120 (1979) (upholding application of upholding Younger abstention to state-initiated proceeding to gain custody of children allegedly abused by their parents)). Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved somewhere in the state process," Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004).

Here, the thrust of Quinlan's claims and the relief he seeks are at the heart of a pending Care and Protection proceeding in the Juvenile Court. The Court cannot adjudicate Quinlan's claims without "needlessly inject[ing]" itself in that proceeding. For that reason, the Court must abstain from adjudicating this action.

## III. Conclusion

For the foregoing reasons, the Court orders as follows:

1. The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

2. This action is DISMISSED without prejudice.

3. The motion for emergency issuance of summons and service by the US Marshal, D. 4, and the motion for a temporary restraining order, D. 5, and motion to seal, D. 6, are DENIED as moot.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge